Erick F. **MARTINEZ**, Plaintiff–Appellant,

v.

Michael J. **ASTRUE**,\* Commissioner of the Social Security Administration, Defendant–Appellee.

No. 05–56924.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2007.\*\*

Filed Nov. 26, 2007.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhardt as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Andrew M. Schwartz, Esq., Los Angeles, CA, for Plaintiff–Appellant.

USLA–Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON ***, Chief District Judge.

MEMORANDUM ****

Plaintiff Erick Martinez sued the Commissioner of the Social Security Adminis-

*** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tration ("SSA") in federal district court alleging gender and disability discrimination because he was not selected for two SSA "Contact Representative" positions, one at the Wilshire office of the SSA and one at the Boyle Heights office. The district court granted the Commissioner's motion for summary judgment, holding that plaintiff had not demonstrated any triable issues of fact with regard to his discrimination allegations, and Martinez appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We affirm the grant of summary judgment with respect to all plaintiff's claims regarding the Wilshire position, and affirm the grant of summary judgment with respect to plaintiff's disability discrimination claim regarding the Boyle Heights position. We reverse, however, the grant of summary judgment to defendant on plaintiff's claim of gender discrimination regarding the Boyle Heights position and remand for proceedings not inconsistent with this disposition.

 1. Under the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.[1] An individual has a disability for purposes of the Rehabilitation Act where he (1) has a physical or mental impairment that substantially limits one or more major life

activities; (2) has a record of such impairment; or (3) is regarded as having such impairment. 29 C.F.R. § 1630.2(g); *see also Coons v. Sec. of U.S. Dept. of Treasury*, 383 F.3d 879, 884 (9th Cir.2004).

Martinez has produced no evidence of any physical or mental impairment other than a statement in the ALJ decision that Martinez "has a physical (foot and lower back condition) impairment." Thus, the district court correctly held that Martinez failed to point to any evidence creating a genuine issue of material fact as to whether he is disabled within the meaning of the Rehabilitation Act. We therefore affirm the grant of summary judgment to Commissioner on both of Martinez's disability discrimination claims.

2. Turning to Martinez's gender discrimination claims, in a case alleging discrimination under Title VII, the plaintiff bears the initial burden of proving a prima facie case of discrimination by showing that (1) he belongs to a protected class; (2) he "applied and was qualified for a job for which the employer was seeking applicants"; (3) he was rejected despite his qualifications, and (4) the employer hired a similarly situated individual not of plaintiff's class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *see also Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018 (9th Cir.2006). The "burden of establishing a prima facie case of disparate treatment is not onerous," *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248,

---

1. The plaintiff did not refer to the Rehabilitation Act in his complaint or opposition to summary judgment, but the district court interpreted his pleadings as alleging a Rehabilitation Act claim. Martinez arguably waived his Rehabilitation Act claim on appeal, as his only discussion of it was a lengthy quotation from the district court opinion holding that his Rehabilitation Act claim must be dismissed. *See Northwest Acceptance Corp. v.*

*Lynnwood Equipment, Inc.*, 841 F.2d 918, 923 (9th Cir.1988) (if an appellant fails to present an "intelligible" argument as to why the district court's decision on his claim was in error, that claim is waived). Here, however, the Commissioner raised the Rehabilitation Act claim in her response, and we therefore exercise our discretion to reach the claim. *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir.1992).

253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and the "requisite degree of proof necessary to establish a *prima facie* case for Title VII ... claims on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir.1994).

By establishing a prima facie case, a plaintiff creates a rebuttable presumption that the employer discriminated against him. *U.S. Postal Service v. Aikens*, 460 U.S. 711, 714, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). The burden then shifts to the employer to put forward a legitimate non-discriminatory reason for the employee's rejection. *McDonnell Douglas*, 411 U.S. at 802–03, 93 S.Ct. 1817. Once the employer satisfies this burden, a plaintiff has the opportunity to show that the defendant's stated reason is a pretext, either directly by "persuading the court that a discriminatory reason motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998) (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

■ a. With regard to plaintiff's claim that he was discriminated against based on his gender in hiring for the Wilshire position, Martinez has failed to establish a prima facie case of discrimination. Martinez belongs to a protected class and applied for a position for which the employer sought applications. But the employer did not fill that position with a similarly situat-ed person not of Martinez's class. Rather, the District Manager for the Wilshire office withdrew the Spanish-language position for which Martinez had applied. *See McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817 (holding that step four in a prima facie case is a showing that "after [plaintiff's] rejection, the position remained open and the employer continued to seek applicants from persons of [plaintiff's] qualifications"). We therefore affirm the grant of summary judgment to defendant on the gender discrimination claim relating to the Wilshire position.

■ b. With regard to the Boyle Heights position, we hold that Martinez has presented sufficient evidence from which a trier of fact could conclude that defendant was motivated by unlawful discrimination on the basis of gender. Martinez established a prima facie case by showing that he is a man, that he applied for the position, that he was qualified, and that the position was filled with a similarly situated woman. The Commissioner maintains that Martinez was not hired for the legitimate non-discriminatory reason that he did not answer questions in an interview as effectively as the woman who was eventually hired.

■ In response, Martinez pointed to evidence from which a trier of fact could conclude that this proffered reason was a pretext for unlawful gender discrimination. Martinez cited an SSA investigation report showing that a disproportionately small number of men work in the Boyle Heights office.[2] *See McDonnell Douglas*, 411 U.S.

2. Martinez appears not to have submitted this SSA investigation report into evidence before the district court, though he included it in his excerpts of record submitted to this Court. As the district court was aware of the report and considered its contents in its decision, and the defendant has responded to the report in its briefing both before the district court and on appeal without disputing the report's contents, we find it appropriate to take judicial notice of the report. *See United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) ("[c]ourts may take judicial notice of some public records, including the records and reports of administrative bodies") (internal quotation marks omitted). *Cf. Center for*

at 805, 93 S.Ct. 1817 ("statistics as to [defendant]'s employment policy and practice may be helpful to a determination of whether" defendant's actions are part of larger pattern of discrimination). He also presented evidence that the person who got the job instead of him had considerably less experience and was arguably not qualified for the special program for which she was permitted to apply.

Martinez was not required to present direct evidence of discriminatory intent, such as biased statements from the defendant, in order to overcome a motion for summary judgment. *See Lindsey v. SLT Los Angeles, LLC,* 447 F.3d 1138, 1152 (9th Cir.2006) (a plaintiff is not required to show direct evidence of racial discrimination to avoid summary judgment when plaintiff has presented "circumstantial evidence that tends to show that the employer's proffered motives were not the actual motives because they are inconsistent or otherwise not believable") (*quoting Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1222 (9th Cir.1998)). Based on the circumstantial evidence presented by Martinez, a trier of fact could conclude that the Commissioner's explanation for not hiring him was not believable and was in fact a pretext for gender discrimination. We therefore reverse the grant of summary judgment to defendant on Martinez's claim of gender discrimination in hiring for the Boyle Heights position, and remand to the district court for further proceedings not inconsistent with this disposition.

*Bio–Ethical Reform v. City and County of Honolulu,* 455 F.3d 910, 919 (9th Cir.2006) (refusing to take judicial notice of documents issued after District Court's decision because "the district court has not had an opportunity to consider the issue, and the parties' arguments are not developed against the district court decision"); *Hennessy v. Penril Datacomm Networks, Inc.,* 69 F.3d 1344, 1354–55

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED.**

(7th Cir.1995) (refusing, in Title VII discrimination action, to take judicial notice of an SEC form stating the number of employees employer had because "its contents were subject to dispute").

